The relief described hereinbelow is SO ORDERED

Done this 20th day of September, 2016.

*Dwight A. Williams, Jr.*
**Dwight H. Williams, Jr.**
**United States Bankruptcy Judge**



_____

## IN THE UNITED STATES BANKRUPTCY COURT
### FOR THE MIDDLE DISTRICT OF ALABAMA
### NORTHERN DIVISION

In Re:                                    Case No:        14-33102-DHW

**Kimberly Parker**
**SSN: xxx-xx-4211**

    Debtor

### ORDER ON MOTION FOR RELIEF FROM AUTOMATIC STAY
### FILED BY OCWEN LOAN SERVICING, LLC

    This matter coming before the Court on the Motion for Relief from Automatic Stay filed by OCWEN LOAN SERVICING, LLC (hereinafter "Creditor"), and this Court being informed of the agreement of the parties hereto, it is therefore **ORDERED, ADJUDGED AND DECREED** as follows:

1. The post-petition mortgage payments through August 2016 plus the attorney fees and costs in connection with Creditor's Motion for Relief from Stay are calculated below:

    | | |
    |---|---:|
    | 11 payments @ $601.43 for 09/15 to 07/16: | $6,615.73 |
    | 1 payment @ $639.12 for 08/16: | $639.12 |
    | Attorney Fees and Costs for MFR: | $751.00 |
    | Less Suspense: | ($336.28) |
    | Total: | $7,669.57 |

2. The Creditor shall file an amended pre-petition and post-petition claim for the **TOTAL ARREARAGE** of $16,462.50.

3. The Chapter 13 Plan payments are hereby increased to $215.00 Bi-Week.

4. The fixed payments to the Creditor are increased to $420.00.

5. The Motion for Relief from Stay filed by OCWEN LOAN SERVICING, LLC is hereby conditionally denied. However, should the Debtor default under the mortgage agreement between the parties beginning September 2016, the Motion for Relief from Stay is granted if the Creditor gives the Debtor and the Debtor's attorney twenty (20) days written notice of opportunity to cure. If the default is not cured within twenty (20) days from the date the notice is issued, then the stay shall lift without further Order from the Court. Further, the Creditor is allowed to communicate with the Debtor any communication required under the note and mortgage or under state law. Waiver of default shall not constitute waiver of subsequent default. The Debtor is responsible for reasonable attorney fees involved in the enforcement of this Order.

6. If relief from the automatic stay under 11 U.S.C. § 362 becomes effective, this Creditor is thereafter entitled to enforce any and all of its right, title, interest in and to the subject property under applicable non-bankruptcy law. The filing and service of Notice of Payment Change and/or Notices of Post-Petition Fees, Expenses, and Charges, as described by FRBP 3002.1(b) and FRBP 3002.1(c) are not required once relief from the automatic stay under 11 U.S.C. § 362 is triggered and becomes effective. Upon entry of this Order granting relief from the automatic stay under 11 U.S.C. § 362, the 14-day stay of Rule FRBP 4001(a)(3) is waived.

7. If relief from stay is granted pursuant the terms of this Order, the Trustee must not make any further payments on account of Creditor's secured claim. In addition, the secured portion of Creditor's claim is deemed withdrawn without prejudice to Creditor's right to file an amended unsecured claim for any deficiency. Absent a Stipulation or Order to the contrary, Creditor must return to the Trustee any payments received from the Trustee on account of Creditor's secured claim after relief from stay has been granted pursuant the terms of this Order.

8. It is further ORDERED that Creditor, through its agents, servicers and representatives is permitted to contact Debtor and/or Debtor's counsel for the purpose of engaging in discussions and consideration for possible loss mitigation options, solutions and/or resolutions with regard to the underlying mortgage and note, including, but not limited to loan modification or other loss mitigation alternatives.

### END OF ORDER ###

This document was prepared by:
Janna L. Ifshin, Esquire
Sirote & Permutt, P.C.
P.O. Box 55887
Birmingham, Alabama 35255-5887
Telephone: 205-918-5083

This Order was approved by the Debtor's Attorney and Sabrina L. McKinney, Acting Trustee.