The relief described hereinbelow is SO ORDERED

Done this 20th day of September, 2016.

*Dwight A. Williams, Jr.*
**Dwight H. Williams, Jr.**
**United States Bankruptcy Judge**



_____

**IN THE UNITED STATES BANKRUPTCY COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION**

In Re:  Case No:  14-33102-DHW

**Kimberly Parker
SSN: xxx-xx-4211**

   **Debtor**

**ORDER ON MOTION FOR RELIEF FROM AUTOMATIC STAY
FILED BY OCWEN LOAN SERVICING, LLC**

This matter coming before the Court on the Motion for Relief from Automatic Stay filed by OCWEN LOAN SERVICING, LLC (hereinafter "Creditor"), and this Court being informed of the agreement of the parties hereto, it is therefore **ORDERED, ADJUDGED AND DECREED** as follows:

1. The post-petition mortgage payments through August 2016 plus the attorney fees and costs in connection with Creditor's Motion for Relief from Stay are calculated below:
   
   | | |
   |---|---|
   | 11 payments @ $601.43 for 09/15 to 07/16: | $6,615.73 |
   | 1 payment  @ $639.12 for 08/16: | $639.12 |
   | Attorney Fees and Costs for MFR: | $751.00 |
   | Less Suspense: | ($336.28) |
   | Total: | $7,669.57 |

2. The Creditor shall file an amended pre-petition and post-petition claim for the **TOTAL ARREARAGE** of  $16,462.50.

3. The Chapter 13 Plan payments are hereby increased to $215.00  Bi-Week.

4. The fixed payments to the Creditor are increased to $420.00.

5. The Motion for Relief from Stay filed by OCWEN LOAN SERVICING, LLC is hereby conditionally denied. However, should the Debtor default under the mortgage agreement between the parties beginning September 2016, the Motion for Relief from Stay is granted if the Creditor gives the Debtor and the Debtor's attorney twenty (20) days written notice of opportunity to cure. If the default is not cured within twenty (20) days from the date the notice is issued, then the stay shall lift without further Order from the Court. Further, the Creditor is allowed to communicate with the Debtor any communication required under the note and mortgage or under state law. Waiver of default shall not constitute waiver of subsequent default. The Debtor is responsible for reasonable attorney fees involved in the enforcement of this Order.

6. If relief from the automatic stay under 11 U.S.C. § 362 becomes effective, this Creditor is thereafter entitled to enforce any and all of its right, title, interest in and to the subject property under applicable non-bankruptcy law. The filing and service of Notice of Payment Change and/or Notices of Post-Petition Fees, Expenses, and Charges, as described by FRBP 3002.1(b) and FRBP 3002.1(c) are not required once relief from the automatic stay under 11 U.S.C. § 362 is triggered and becomes effective. Upon entry of this Order granting relief from the automatic stay under 11 U.S.C. § 362, the 14-day stay of Rule FRBP 4001(a)(3) is waived.

7. If relief from stay is granted pursuant the terms of this Order, the Trustee must not make any further payments on account of Creditor's secured claim. In addition, the secured portion of Creditor's claim is deemed withdrawn without prejudice to Creditor's right to file an amended unsecured claim for any deficiency. Absent a Stipulation or Order to the contrary, Creditor must return to the Trustee any payments received from the Trustee on account of Creditor's secured claim after relief from stay has been granted pursuant the terms of this Order.

8. It is further ORDERED that Creditor, through its agents, servicers and representatives is permitted to contact Debtor and/or Debtor's counsel for the purpose of engaging in discussions and consideration for possible loss mitigation options, solutions and/or resolutions with regard to the underlying mortgage and note, including, but not limited to loan modification or other loss mitigation alternatives.

### END OF ORDER ###

This document was prepared by:
Janna L. Ifshin, Esquire
Sirote & Permutt, P.C.
P.O. Box 55887
Birmingham, Alabama 35255-5887
Telephone: 205-918-5083

This Order was approved by the Debtor's Attorney and Sabrina L. McKinney, Acting Trustee.

```
                           United States Bankruptcy Court
                             Middle District of Alabama
In re:                                                              Case No. 14-33102-DHW
Kimberly Parker                                                     Chapter 13
        Debtor
                             CERTIFICATE OF NOTICE
District/off: 1127-2         User: rwalker              Page 1 of 1          Date Rcvd: Sep 20, 2016
                             Form ID: pdfSOME           Total Noticed: 2
```

Notice by first class mail was sent to the following persons/entities by the Bankruptcy Noticing Center on
Sep 22, 2016.
db             +Kimberly Parker,    7425 Muirfield Loop,    Montgomery, AL 36116-6059
cr             +Ocwen Loan Servicing, LLC,    Robertson, Anschutz & Schneid,    6409 Congress Ave, Suite 100,
                 Boca Raton, FL 33487-2853

Notice by electronic transmission was sent to the following persons/entities by the Bankruptcy Noticing Center.
NONE.                                                                                              TOTAL: 0

            ***** BYPASSED RECIPIENTS *****
NONE.                                                                                              TOTAL: 0

Addresses marked '+' were corrected by inserting the ZIP or replacing an incorrect ZIP.
USPS regulations require that automation-compatible mail display the correct ZIP.

Transmission times for electronic delivery are Eastern Time zone.

**I, Joseph Speetjens, declare under the penalty of perjury that I have sent the attached document to the above listed entities in the manner shown, and prepared the Certificate of Notice and that it is true and correct to the best of my information and belief.**

**Meeting of Creditor Notices only (Official Form 309): Pursuant to Fed. R. Bank. P. 2002(a)(1), a notice containing the complete Social Security Number (SSN) of the debtor(s) was furnished to all parties listed. This official court copy contains the redacted SSN as required by the bankruptcy rules and the Judiciary's privacy policies.**

Date: Sep 22, 2016                                    Signature:  /s/Joseph Speetjens

---

## CM/ECF NOTICE OF ELECTRONIC FILING

The following persons/entities were sent notice through the court's CM/ECF electronic mail (Email)
system on September 20, 2016 at the address(es) listed below:
              Bankruptcy Administrator    ba@almb.uscourts.gov
              Enslen Crowe    on behalf of Creditor    OCWEN LOAN SERVICING, LLC bankruptcy@sirote.com
              Janna L Ifshin    on behalf of Creditor    OCWEN LOAN SERVICING, LLC bankruptcy@sirote.com
              Joshua C. Milam    on behalf of Debtor Kimberly  Parker jmilam@smclegal.com,
               SCarter@smclegal.com;cthornton@smclegal.com
              Richard D. Shinbaum    on behalf of Debtor Kimberly  Parker rshinbaum@smclegal.com,
               scarter@smclegal.com;cthornton@smclegal.com
              Sabrina L. McKinney [Acting]    trustees_office@ch13mdal.com
                                                                                             TOTAL: 6